Byron G. Martin (#8824)
Steven M. Edmonds (#15592)
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
bmartin@strongandhanni.com
sedmonds@strongandhanni.com
*Attorneys for Defendant CAID Industries*

## IN THE FIRST JUDICIAL DISTRICT COURT

## IN AND FOR BOX ELDER COUNTY, STATE OF UTAH

| | |
|---|---|
| JESUS JOEL GRACIA, | **ANSWER AND JURY DEMAND** |
| Plaintiff, | |
| vs. | Civil No. 210100018 |
| CAID INDUSTRIES, | Judge Brandon Maynard |
| Defendant. | |

CAID Industries (**"Defendant"**), by and through counsel of record, files this Answer and Jury Demand to Plaintiffs' Complaint and responds as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to state a claim upon which relief may be granted and his claims should be dismissed with prejudice.

## **SECOND AFFIRMATIVE DEFENSE**

Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

### **JURISDICTION AND VENUE**

1. Denies for lack of knowledge.

2. Denies.

3. Denies.

4. Admits that venue is appropriate.

### **STATEMENT OF FACTS**

5. Defendant incorporates its responses above.

6. Denies for lack of knowledge.

7. Denies for lack of knowledge.

8. Denies. Defendant states that IPG hired Black Box Engineering or Zachary Humes to perform work related to a gearbox.

9. Denies for lack of knowledge.

10. Denies. Defendant states that it was not on the premises of IPG on the day of the incident and was contractually prohibited from marketing to and doing business with IPG at the time the alleged incident occurred.

11. Denies.

12. Denies for lack of knowledge.

13. Denies.

14. Denies for lack of knowledge.

15. Denies for lack of knowledge.

16. Denies for lack of knowledge.

17. Denies for lack of knowledge.

18. Denies for lack of knowledge.

19. Denies for lack of knowledge.

20. Denies for lack of knowledge.

21. Denies for lack of knowledge.

22. Denies for lack of knowledge.

## CAUSE OF ACTION NEGLIGENCE

23. Defendant incorporates its responses above.

24. Denies.

25. Denies.

26. Denies.

27. Denies.

28. Denies.

29. Denies.

30. Denies.

31. Denies.

32. Denies.

33. Denies.

34. Denies.

## DAMAGES

35. Defendant incorporates its responses above.

36. Denies.

37. Defendant denies paragraph 37 and each of its subparts.

38. Denies.

39. Denies.

40. Denies.

Defendant denies all allegations not expressly admitted herein.

## THIRD DEFENSE

Jesus Joel Gracia's (**"Plaintiff"**) recovery is reduced by Plaintiff's own percentage of fault or barred if Plaintiff was negligent in an amount equal to or greater than the negligence, if any, of Defendant, non-parties, and those immune from suit pursuant to Utah Code § 78B-5-817 *et seq*. Plaintiff's fault, whether less than, equal to, or greater than the Defendant's, should be determined by the trier of fact and allocated on the special verdict form provided at trial.

## FOURTH DEFENSE

Defendant is only liable for its individual percentage of fault, if any, pursuant to Utah Code § 78B-5-817 *et seq*. Joint and several liability shall not apply.

## FIFTH DEFENSE

Plaintiff's negligence in this case, if not equal to or greater than the negligence, if any, of Defendant, must result in the reduction of any damages recoverable by Plaintiff in an amount proportionate to Plaintiff's negligence.

## SIXTH DEFENSE

Plaintiff's injuries and damages, if any, are the direct and proximate result of the negligence or other actionable fault of Plaintiff, Black Box Engineering, Zachary Humes, or other third parties, over whom Defendant had no control or right of control, and therefore no liability can be imputed to Defendant. Fault must be allocated in accordance with Utah Code § 78B-5-817 *et seq*. Defendant provides notice that it will allocate fault to Black Box Engineering and Zachary Humes or other unknown contractors. Black Box Engineering and/or Zachary Humes was responsible for servicing IPG's plastics machine and providing replacement parts at the time of the alleged incident. It is believed that Plaintiff's allegations are misdirected at Defendant and might be properly directed at Black Box Engineering or Zachary Humes. Fault should be allocated to Infinity and/or other unknown contractors responsible for the conditions alleged in the Complaint on the special verdict form accordingly. The contact information of Black Box Engineering appears to be 1465 N 300 W Ste. B, Logan, UT 84341; phone number: (435) 363-7088. The contact information for Zac Humes is unknown.

## SEVENTH DEFENSE

Evidence may be discovered to indicate that Plaintiff failed to mitigate damages, if any, and the claims alleged herein are barred or must be reduced for such failure(s).

## EIGHTH DEFENSE

Plaintiff is barred from recovery to the extent Plaintiff created the danger or attendant circumstances leading to Plaintiff's injuries, if any.

## NINTH DEFENSE

Plaintiff's claimed damages, conditions, and injuries may be the sole and proximate result of an injury sustained or condition existing prior to, or subsequently, to the incident complained of in Plaintiff's Complaint. Alternatively, such other injuries or conditions existed in part or were caused independently of the accident and therefore should be apportioned by medical professionals. Plaintiff's claims against Defendant are barred or must be reduced according to such evidence and apportionment.

## TENTH DEFENSE

Plaintiff's claim is barred by the statute of limitations outlined in Utah Code § 78B-6-706.

## ELEVENTH DEFENSE

Plaintiff's claim is barred by the statute of limitations and repose outlined in Utah Code § 78B-2-225.

## TWELFTH DEFENSE

As a further, separate, and additional defense, Defendant has, or may have, further and additional affirmative defenses which are not yet known but which may become known through future discovery herein and reserves the right to amend this Answer.

## JURY DEMAND

Defendant requests the above-entitled matter be tried to a jury and tenders a jury fee.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's claims, with prejudice, on the merits, with costs to Defendant, and for any other relief that the Court deems just or equitable.

DATED February 26, 2021.

        STRONG & HANNI

        */s/Byron G. Martin*

        Byron G. Martin
        Steven M. Edmonds
        *Attorneys for Defendant CAID Industries*

## CERTIFICATE OF SERVICE

I hereby certify that February 26, 2021, a true and correct copy of the foregoing **Answer and Jury Demand** was served by the method indicated below, to the following:

| | |
|---|---|
| Leonard E. McGee<br>Peter R. Mifflin<br>Victor M. Jackson<br>ROBERT J. DEBRY & ASSOCIATES<br>45 W Sego Lily Drive, Suite 401<br>Sandy, Utah 84070<br>lmcgee@robertdebry.com<br><br>*Attorneys for Plaintiff* | ( ) Electronic Filing<br>( ) Email<br>( ) U.S. Mail, Postage Prepaid<br>( ) Hand Delivered<br>( ) Overnight Mail<br>( ) Facsimile<br><br>/s/ Joan M. Pearson |

8